IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-13-0498 |
| | * | Civil No. CCB-16-1631 |
| BRYANT SMITH | * | |

\*\*\*\*\*\*\*

## MEMORANDUM AND ORDER

Now pending is Bryant Smith's motion to vacate judgment under 28 U.S.C. § 2255 (ECF 70), and defense counsel's motion to withdraw as attorney (ECF 80). Smith pled guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) & 2, and one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c). (ECF 63). The Hobbs Act robbery constituted the underlying "crime of violence" for the § 924(c) conviction.

On May 26, 2016, Smith filed a motion to vacate judgment, arguing that the Hobbs Act robbery no longer qualified as a "crime of violence" in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). But after Smith filed his motion, the Fourth Circuit held in *United States v. Mathis* that a Hobbs Act robbery constitutes a "crime of violence" under § 924(c)'s "force clause." 932 F.3d 242, 266 (4th Cir. 2019). Smith's argument that his conviction for Hobbs Act robbery does not qualify as a "crime of violence" has thus been foreclosed by *Mathis*.

Accordingly, the motion to vacate judgment (ECF 70) is DENIED and no certificate of appealability is issued. The motion to withdraw as attorney (ECF 80) is GRANTED. The Clerk shall SEND a copy of this Memorandum and Order to Smith and counsel of record. The Clerk shall CLOSE the associated civil case, CCB-16-1631.

So Ordered this   11th   day of June, 2020.

                                                       /S/
                                           Catherine C. Blake
                                           United States District Judge